1  LORETTA E. LYNCH
   United States Attorney General
2
3  BRIAN J. STRETCH
   United States Attorney for the
4  Northern District of California

5  THOMAS NEWMAN
   Special Attorney to the United States Attorney General
6
   GREGORY BERNSTEIN
7  CHARLES A. O'REILLY
   Trial Attorneys, Department of Justice
8  150 Almaden Boulevard, Suite 900
9  San Jose, California 95113
   Telephone: (408) 535-5061
10
   Attorneys for the Plaintiff
11 United States of America

**FILED**

OCT 20 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16-CR-0142-JAM |
|---|---|
| Plaintiff, | VIOLATIONS: 26 U.S.C. § 7206(1)— SUBSCRIBING TO FALSE RETURNS (6 COUNTS); 26 U.S.C. § 7212(a)— CORRUPTLY ENDEAVOUR TO IMPEDE THE ADMINISTRATION OF THE INTERNAL REVENUE LAWS; 18 U.S.C. § 641—THEFT OF PUBLIC MONEY OR PROPERTY; 18 U.S.C. § 1519—DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS |
| v. | |
| ALENA ALEYKINA, | |
| Defendant. | |
| | SACRAMENTO VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.  Defendant, ALENA ALEYKINA, resided in Sacramento, California.

SUPERSEDING INDICTMENT        1

2.  Defendant, ALENA ALEYKINA, worked for Internal Revenue Service Criminal Investigation ("IRS-CI") as a Special Agent from approximately 2006 to 2014.

3.  Defendant ALENA ALEYKINA held a Masters of Business Administration degree from Eastern Michigan University, and was a Certified Public Accountant in the State of California.

4.  The Internal Revenue Service ("IRS") was an agency of the United States.

COUNT ONE:   [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

5.  The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

6.  On or about October 25, 2010, in the Eastern District of California,

ALENA ALEYKINA,

defendant herein, willfully made and subscribed a 2009 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return, which was filed with the IRS, defendant ALEYKINA, among other false statements:

   (1)  claimed head of household filing status;
   (2)  claimed P.V. as her dependent child and N.A. and O.A. as her dependents; and
   (3)  claimed a tuition and fees deduction of $2,000, and claimed to have paid $2,000 in qualifying educational expenses on behalf of N.A.;

whereas, as she then and there knew, she was not entitled to claim head of household filing status, P.V. was not her child and she was not entitled to claim P.V., N.A., or O.A. as dependents, and she was not entitled to claim a $2,000 tuition and fees deduction and did not pay $2,000 in qualifying educational expenses on behalf of N.A.

All in violation of Title 26, United States Code, Section 7206(1).

//

SUPERSEDING INDICTMENT        2

COUNT TWO: [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

7. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

8. On or about October 20, 2011, in the Eastern District of California,

ALENA ALEYKINA,

defendant herein, willfully made and subscribed a 2010 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return, which was filed with the IRS, defendant ALEYKINA, among other false statements:

(1) claimed head of household filing status;

(2) claimed N.A. as her dependent;

(3) claimed a $16,603 loss from the National Real Estate Preservation Trust; and

(4) claimed a tuition and fees deduction of $2,000, and claimed to have paid $2,000 in qualifying educational expenses on behalf of N.A.;

whereas, as she then and there knew, she was not entitled to claim head of household filing status, she was not entitled to claim N.A. as her dependent, she was not entitled to claim a loss of $16,603 from the National Real Estate Preservation Trust, and she was not entitled to claim a $2,000 tuition and fees deduction and did not pay $2,000 in qualifying educational expenses on behalf of N.A.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT THREE: [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

9. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

10. On or about October 19, 2012, in the Eastern District of California,

ALENA ALEYKINA,

SUPERSEDING INDICTMENT 3

defendant herein, willfully made and subscribed a 2011 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return, which was filed with the IRS, defendant ALEYKINA, among other false statements:

    (1)    claimed head of household filing status; and

    (2)    claimed a $25,000 loss from the National Real Estate Preservation Trust;

whereas, as she then and there knew, she was not entitled to claim head of household filing status and she was not entitled to claim a $25,000 loss from the National Real Estate Preservation Trust.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT FOUR:    [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

11. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

12. On or about October 31, 2011, in the Eastern District of California and elsewhere,

                          ALENA ALEYKINA,

defendant herein, willfully made and subscribed a 2010 U.S. Income Tax Return for Estates and Trusts, Form 1041, for the National Real Estate Preservation Trust, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return and its attachments, which were filed with the IRS, defendant ALEYKINA, among other false statements:

    (1)    reported that the National Real Estate Preservation Trust received $600 in rents during calendar year 2010;

SUPERSEDING INDICTMENT    4

(2) claimed a negative income distribution deduction in the amount of $16,603; and

(3) claimed negative net rental real estate income in the amount of $16,603 on the Schedule K-1 (Form 1041) identifying ALEYKINA as the beneficiary;

whereas, as she then and there knew, the National Real Estate Preservation Trust's rental receipts in 2010 were greater than $600, she was not entitled to claim an income distribution deduction in the amount of negative $16,603 on the trust income tax return, and was not entitled to claim net rental real estate income in the amount of negative $16,603 on the Schedule K-1 (Form 1041) included with the trust income tax return.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT FIVE: [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

13. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

14. On or about November 2, 2012, in the Eastern District of California and elsewhere,

ALENA ALEYKINA,

defendant herein, willfully made and subscribed a 2011 U.S. Income Tax Return for Estates and Trusts, Form 1041, for the National Real Estate Preservation Trust, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return and its attachments, which were filed with the IRS, defendant ALEYKINA, among other false statements:

(1) reported that the National Real Estate Preservation Trust received $4,050 in rents during calendar year 2011;

(2) claimed a negative income distribution deduction in the amount of $25,000; and

   (3) claimed negative net rental real estate income in the amount of $25,000 on the Schedule K-1 (Form 1041) identifying defendant ALEYKINA as the beneficiary;

whereas, as she then and there knew, the National Real Estate Preservation Trust's rental receipts in 2011 were greater than $4,050, she was not entitled to claim an income distribution deduction in the amount of negative $25,000 on the trust income tax return, and she was not entitled to claim net rental real estate income in the amount of negative $25,000 on the Schedule K-1 (Form 1041) included with the trust income tax return.

  All in violation of Title 26, United States Code, Section 7206(1).

<u>COUNT SIX</u>: [26 U.S.C. § 7206(1)—Subscribing to a False Tax Return]

  15. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

  16. On or about October 17, 2011, in the Eastern District of California and elsewhere,

ALENA ALEYKINA,

defendant herein, willfully made and subscribed a 2010 U.S. Income Tax Return for Estates and Trusts, Form 1041, for the Pelican Enterprises Trust, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. On that income tax return and its attachments, which were filed with the IRS, defendant ALEYKINA, among other false statements:

   (1) reported that Pelican Enterprises Trust paid wages in the amount of $18,171;

   (2) claimed a negative income distribution deduction in the amount of $16,071; and

   (3) claimed negative ordinary business income in the amount of $16,071 on the Schedule K-1 (Form 1041) identifying R.H. as the beneficiary;

whereas, as she then and there knew, Pelican Enterprises Trust paid less in wages than what she reported, she was not entitled to claim an income distribution deduction in the amount of negative $16,071, and she was not entitled to claim an ordinary business income in the amount of negative $16,071 on the Schedule K-1 (Form 1041) included with the trust income tax return.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT SEVEN: [26 U.S.C. § 7212(a)—Corruptly Endeavour to Impede the Administration of the Internal Revenue Laws]

17. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

18. From on or before April 25, 2008, and continuing up to and through April 15, 2013, within the Eastern District of California and elsewhere,

ALENA ALEYKINA

defendant herein, corruptly endeavored to obstruct and impede the due administration of the internal revenue laws.

19. During the above-described time period, the defendant endeavored to execute the scheme to impede the due administration of the internal revenue laws by various means, including the following:

(1) submitting false Forms W-7 on behalf of family members in order to obtain IRS Individual Tax Identification Numbers;

(2) establishing and using trusts and at least one partnership, including The AR Group Trust, North Pacific Investment Trust, National Real Estate Preservation Trust, Pelican Enterprises Trust, and TA Comp;

(3) preparing materially false and fraudulent federal income tax returns for herself, her family members, and for the trusts and partnership; and

(4) making false representations to representatives of the Department of the Treasury.

All in violation of Title 26, United States Code, Section 7212(a).

COUNT EIGHT: [18 U.S.C. § 641—Theft of Public Money or Property]

20. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

21. On or about August 15, 2011, in the Eastern District of California and elsewhere,

ALENA ALEYKINA,

defendant herein, knowingly embezzled, stole, purloined, and converted to her use, public money in an amount exceeding $1,000, by fraudulently causing the IRS to issue IRS Tuition Assistance Reimbursement payments to her, knowing that she was not entitled to this money.

All in violation of Title 18, United States Code, Section 641.

COUNT NINE: [18 U.S.C. § 1519—Destruction, Alteration, or Falsification of Records in Federal Investigations]

22. The factual allegations in Paragraphs One through Four are realleged as though set forth fully herein.

23. On or about April 15, 2013, within the Eastern District of California and elsewhere,

ALENA ALEYKINA,

defendant herein, knowingly altered, destroyed, concealed, covered up, and falsified at least one record, document, or tangible object; that record, document, or tangible object being stored on a government issued computer and government servers; with the intent to impede, obstruct, and influence the investigation and proper administration of at least one matter within the jurisdiction of a department or agency of the United States.

All in violation of Title 18, United States Code, Section 1519.

A TRUE BILL

/s/ **Signature on file w/AUSA**
_____
FOREPERSON

LORETTA E. LYNCH
United States Attorney General

BRIAN J. STRETCH
United States Attorney, Northern District of California

*[signature]*
_____
Barbara J. Valliere
Chief, Criminal Division
Northern District of California

Approved as to Form

*[signature]*
_____
Thomas Newman
Special Attorney to the United States Attorney General
United States Attorney's Office
Northern District of California

SUPERSEDING INDICTMENT         9

## United States v. Alena Aleykina

## Penalties for Superseding Indictment

Defendant

ALENA ALEYKINA

COUNTS ONE THROUGH SIX:

VIOLATION: 26 U.S.C. § 7206(1) – Making and Subscribing False Return

PENALTIES: Not more than 3 years' imprisonment,
$250,000 fine, or both; costs of prosecution;
not more than a one year term of supervised release.

COUNT SEVEN:

VIOLATION: 26 U.S.C. § 7212(a) – Corruptly Endeavour to Impede the Administration of the Internal Revenue Laws

PENALTIES: Not more than three years' imprisonment,
$250,000 fine, or both; costs of prosecution;
Not more than a one year term of supervised release.

COUNT EIGHT:

VIOLATION: 18 U.S.C. § 641 – Theft of United States money

PENALTIES: Not more than ten years' imprisonment,
$250,000 fine, or both; costs of prosecution;
Not more than a three year term of supervised release.

COUNT NINE:

VIOLATION: 18 U.S.C. § 1519 – Destruction of records in federal investigation

PENALTIES: Not more than twenty years' imprisonment,
$250,000 fine, or both;
not more than a three year term of supervised release.

SPECIAL ASSESSMENT: Mandatory $100 special assessment for each count.

14513634.1

No. _ _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.

ALENA ALEYKINA

## INDICTMENT

**VIOLATIONS:** 26 U.S.C. §7206(1) – Subscribing to False Returns
26 U.S.C. §7212(a) – Corruptly Endeavour to Impede the Adminstration of the Internal Revenue Laws
18 U.S.C. § 641 – Theft of Public Money or Property
18 U.S.C. § 1519 – Destruction, Alteration, or Falsification of Records in Federal Investigations

*A true bill,*

/s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* 20th *day*
*of* October, *A.D.* 20 16

_____
*Clerk*

Bail, $ _____

Summons to Issue.

GPO 863 525

14509146.1